IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMES EARL BREWSTER, ID # 664663,  )
        Petitioner,  )
vs.  )    No. 3:09-CV-0329-O (BH)
  )
NATHANIEL QUARTERMAN, Director,  )    Referred to U.S. Magistrate Judge
Texas Department of Criminal  )
Justice, Correctional Institutions Division,  )
        Respondent.  )

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID) on a life sentence for murder in Cause No. F94-00010-H.[1] He filed this petition for writ of habeas corpus in the United States District Court for the Southern District of Texas purportedly pursuant to 28 U.S.C. § 2241 to challenge illegal pretrial detention for a 1980 conviction for sexual abuse (Cause No. 79-09122-I). (*See* Pet. Writ Habeas Corpus (Pet.) at 1-3; Mem. Supp. at 1.) In his supporting memorandum, he clarifies that he seeks to challenge his 1980 conviction in Cause No. 79-09122-I because it was used to enhance his current sentence in Cause No. F94-00010-H. (Mem. Supp. at 1.) On February 18, 2009, the Southern District properly construed the action as filed pursuant to 28 U.S.C. § 2254; substituted Nathaniel

---

[1] The petition shows that petitioner has been in custody for his murder offense since October 6, 1993. (*See* Pet. at 9.) It also shows that petitioner received a fifteen year sentence that ran currently with the murder conviction. (*See id.* at 4.) Consequently, it appears that petitioner is currently in custody only on the murder offense.

Quarterman, Director of TDCJ-CID, as respondent;[2] and transferred the action to this Court.

In four grounds for relief, petitioner claims a fundamental miscarriage of justice when (1) a state court denied his writ for lack of jurisdiction in 2008; (2) the complainant's inconsistent, conflicting statement resulted in a "default indictment" related to his 1980 conviction; (3) the trial court failed to rule on the competency of a state witness in his sexual abuse case; and (4) his attorney failed to make a timely objection in his sexual abuse case. (Pet. at 9-11; Mem. Supp. at 2-8.) He seeks a full pardon from his sexual abuse conviction, and an order to set aside that conviction. (Pet. at 12.)

Petitioner has challenged his murder conviction in three prior federal habeas actions. *See Brewster v. Quarterman*, No. 3:06-CV-0224-L (N.D. Tex.) (Pet. received Feb. 3, 2006); *Brewster v. Cockrell*, No. 3:01-CV-2021-G (N.D. Tex.) (Pet. received Oct. 9, 2001); *Brewster v. Johnson*, No. 3:96-CV-3186-H (N.D. Tex.) (Pet. received Nov. 26, 1996). In addition, this Court twice previously dismissed a prior direct challenge to petitioner's sexual abuse conviction because he was no longer in custody on such conviction. *See Brewster v. Quarterman*, No. 3:07-CV-0195-B (N.D. Tex. July 12, 2007) (judgment), *certificate of appealability denied*, No. 07-10829 (5th Cir. Feb. 19, 2008); *Brewster v. Quarterman*, No. 3:04-CV-1468-K (N.D. Tex. Sept. 11, 2006) (judgment), *certificate of appealability denied*, No. 06-11083 (5th Cir. May 7, 2007). Accordingly, the Court considers whether it has jurisdiction over the instant petition.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized

---

[2] Petitioner had originally named the Warden as respondent.

by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Petitioner may not directly challenge his sexual abuse conviction in Cause No. F79-09122-I because he is no longer in custody on such conviction. This Court twice previously dismissed a prior direct challenge to that conviction for lack of jurisdiction for that very reason. This Court has no jurisdiction over a direct challenge to Cause No. F79-09122-I.

Petitioner, however, specifically seeks to challenge the sexual abuse conviction through its use as enhancing the sentence received for his murder conviction. (*See* Mem. Supp. at 1.) The "in custody" requirement of 28 U.S.C. § 2254 "is satisfied when a habeas petitioner attacks an expired conviction used to enhance his current punishment if the § 2254 petition can be read as a challenge to the current conviction." *Godfrey v. Dretke*, 396 F.3d 681, 684 (5th Cir. 2005) (relying on *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). Nevertheless, petitioner's attempt to frame this action in terms of an attack on his murder conviction does not empower this Court with jurisdiction in this case. The "in custody" requirement is only one obstacle to exercising jurisdiction over the instant § 2254 action. Because petitioner has filed previous federal petitions to challenge his murder conviction, the Court must determine whether the instant petition is a second or successive application that deprives this Court of jurisdiction.

If the instant § 2254 petition constitutes a second or successive petition, this Court cannot

exercise jurisdiction over it without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). Under Fifth Circuit precedent, a petition is successive when it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. However, a petition that is literally second or successive is not a second or successive application for purposes of § 2244(b) if the prior dismissal is based on prematurity or lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." 523 U.S. at 645.

In this case, petitioner's three prior challenges to his murder conviction were not dismissed because of any prematurity or lack of exhaustion. Consequently, petitioner was required to present all available claims in his first federal petition.

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

*United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *Pratt v. United States*,

4

129 F.3d 54, 61 (1st Cir. 1997)).[3]

Petitioner has challenged his murder conviction in three prior federal petitions, one of which was decided on the merits and two were considered as successive. This federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that could have been raised in his first petition.[4] The Fifth Circuit has denied petitioner authorization to file a successive petition under 28 U.S.C. § 2254. *See In re Brewster*, No. 06-11076 (5th Cir. Dec. 5, 2006). Because the federal district courts lack jurisdiction over successive § 2254 petitions filed without authorization by the Fifth Circuit Court of Appeals, *see Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003), this Court lacks jurisdiction over petitioner's challenge to Cause No. F94-00010-H.

In conclusion, the Court lacks jurisdiction over this habeas action whether it considers the petition as directly challenging Cause No. F79-09122-I or indirectly challenging that conviction through an attack on the enhanced sentence in Cause No. F94-00010-H.

---

[3] Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision. *See* 211 F.3d at 864 n.4. In the present context, this Court also finds it appropriate to make no distinction between cases decided under § 2255 and those under § 2254.

[4] Although the factual basis for petitioner's first claim did not arise until 2008, this not affect whether the application is successive. The statute specifically restricts the filing of a second or successive *application*. *See* 28 U.S.C. § 2244(b)(3) (emphasis added). The Supreme Court has specifically determined that "an 'application' for habeas relief is a filing that contains one or more 'claims'." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). In other words, an application for habeas relief is a filing that contains at least one "asserted federal basis for relief from a state-court conviction." *Id.* (defining claim as "an asserted federal basis for relief" from a state court's judgment of conviction). This Court has long held that "[a] 'mixed-application' that contains both claims that could have been raised previously and claims that could not have been so raised is nevertheless successive." *Cooper v. Cockrell*, No. 3:03-CV-596-L, 2003 WL 21517824, at *2 (N.D. Tex. Apr. 15, 2003); *Hubbard v. Cockrell*, No. 3:01-CV-1539-X, 2001 WL 1148274, at *2 (N.D. Tex. Sept. 18, 2001). Furthermore, Claim 1 is not cognizable in a federal habeas action because federal habeas relief cannot be had "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). This Court cannot grant habeas corpus relief "to correct alleged errors in state habeas proceedings." *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (holding that habeas relief was not available for such alleged errors).

## III. SANCTIONS

As noted above, petitioner has filed three prior habeas actions relating to his murder conviction – two of which also challenged the enhancement to his sentence resulting from his 1980 sexual abuse conviction. He has also twice directly attacked that 1980 conviction. Consideration of the propriety of sanctions is therefore appropriate.

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Because this is the sixth time petitioner has tried to collaterally attack his state convictions in this Court, petitioner should be admonished or warned that sanctions may be imposed if he files another successive habeas petition without first obtaining authorization from the Fifth Circuit. Not only has petitioner ignored the prohibition against second or successive petitions under § 2244 without obtaining Fifth Circuit approval, it appears that he has attempted to circumvent this prohibition by bringing the present action under § 2241. If he persists with his legal maneuvering, he should be monetarily sanctioned and barred from filing any additional habeas actions in federal court without first obtaining permission from the Court.

## IV. RECOMMENDATION

The Court should **DISMISS** this action for lack of jurisdiction. The Court should also **WARN** petitioner that, if he files another successive habeas petition without first obtaining leave from the Fifth Circuit Court of Appeals, he will be subject to sanctions, up to and including monetary sanctions payable to the Court and being barred from filing any additional habeas actions in federal court without first obtaining permission from the Court.

**SIGNED this 25th day of February, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE